William H. Robinson, Respondent, v. Metropolitan Street Railway Company, Appellant.

*Negligence — injury from a collision between an ice wagon and an electric car — application of a city ordinance regulating the speed of "any cart, wagon or other vehicle" — charge as to the effect of the defendant's failure to call any witnesses.*

Upon the trial of an action to recover damages for personal injuries sustained by the plaintiff, in consequence of a collision between an ice wagon which he was driving and one of the defendant's electric street surface railroad cars, a city ordinance, which provides, "It shall not be lawful for any cart, wagon or other vehicle, used for the purpose of carrying passengers, to be driven through any streets or avenues of the City of New York at a greater speed than at the rate of eight miles an hour," is not competent in evidence, as it does not appear that such ordinance relates to electric street surface railroad cars.

Upon the trial of the action the defendant produced no witnesses, but elected to go to the jury upon the evidence produced by the plaintiff. The court charged, over the defendant's objection, that the jury might take into consideration the fact that the motorman of the car was not sworn, although it did not appear that such motorman was still in the defendant's employ or that it could produce him. The court further charged, over the defendant's objection, that the jury might consider the fact that the defendant had produced no witnesses, thus not limiting such instruction to the effect of the defendant's failure to call the motorman.

*Held*, that the charge that the jury might consider the fact that the defendant had produced no witnesses was erroneous, as it did not appear that anybody except the witnesses examined and the motorman had seen the accident.

*Quære*, whether the charge would have been unobjectionable if confined to the defendant's failure to call the motorman.

Appeal by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of May, 1904, upon the verdict of a jury for $4,000, and also from an order entered in said clerk's office on the 27th day of May, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown*, for the appellant.

*Abram I. Elkus*, for the respondent.

Ingraham, J.:

The plaintiff was engaged in distributing ice in the city of New York on June 25, 1901. He started to drive his ice wagon from a

point on the east side of the Bowery, nearly opposite Pell street. He testified that he looked up and down the Bowery, saw that everything was clear and started to drive across ; that he got about half way across, looked up and saw a car rapidly approaching. Before he could get across the track his wagon was struck by the car and he was thrown out and seriously injured.

I think there was evidence to justify the submission of the question of the defendant's negligence and the plaintiff's contributory negligence to the jury. Errors were committed upon the trial, however, which require a reversal of the judgment. After the defendant had rested counsel for the plaintiff offered in evidence an ordinance of the city of New-York which provides that " It shall not be lawful for any cart, wagon or other vehicle, used for the purpose of carrying passengers, to be driven through any streets or avenues of the City of New York at a greater speed than at the rate of eight miles an hour." To this counsel for the defendant objected upon the ground that it did not apply to street surface cars. This objection was overruled and the defendant excepted. In submitting the case to the jury the court charged that there was an ordinance of the common council that it should not be lawful for any cart, wagon or other vehicle used for the purpose of carrying passengers to be driven through any of the streets and avenues of the city of New York at a greater speed than at the rate of eight miles an hour ; that the jury could consider this ordinance in determining the negligence of the man in charge of the car. I think it was error to admit this ordinance in evidence. There is nothing connecting it with street surface cars ; nothing to show that it had any relation to cars operated by electricity, and in its terms it speaks of a vehicle to be driven which certainly would not be applicable to cars where the motor power was electricity. At the request of the plaintiff the court charged that the jury might award damages for the plaintiff's permanent injury, if they found that the plaintiff had suffered permanent injury. This was excepted to by the defendant. I cannot find that there is any evidence in this case that would justify a finding that there was a permanent injury as a result of this accident. A physician who treated the plaintiff for his injuries testified that he had examined the plaintiff in his office a few days before the trial. He was then asked as to what he then found, which was objected to by the

defendant, the objection overruled and the defendant excepted. He testified that he found that the collar bone had been broken, had healed very nicely, and found the plaintiff in good physical condition. He was asked whether he could tell from his examination whether there was any present effect from the breaking of the plaintiff's ribs, to which he answered: "No. Objectively I found that he breathes very nice now, but still there is a callus on that bone." That with reference to the plaintiff's ability to breathe the witness found that "he took a nice breath," but found that he at the same time had a little pain when he took his breath; that he found nothing else on his physical examination two or three days before. He was then asked: "Can you say with reasonable certainty whether or not this condition as to the shoulder and arm about which you have testified is permanent?" The witness answered: "It is permanent in the way that he lost power in the arm." Just what that means is not apparent, as the witness had testified that upon his examination a few days before the trial he found plaintiff in good condition; had testified to no physical impairment, and had not treated him since August, 1901, for anything connected with the accident. Upon cross-examination he testified that upon his examination just before the trial he found that the plaintiff breathed very nicely; that all he found about the ribs was this usual callus where the bones knit, that was all he found on the collar bone; that the plaintiff was a " good, big, husky-looking fellow." There was certainly nothing in this evidence to justify an award of damages for any permanent injury as a result of this accident. The defendant had introduced no evidence but had rested on plaintiff's evidence. At the request of the plaintiff the court charged the jury that "if they find it was within the power of the defendant to call the motorman as a witness, their failure so to do may be considered by the jury." To this counsel for the defendant excepted, and requested the court to charge that the defendant had a right to rest upon the plaintiff's own case, and that they were not to consider at all the fact that the defendant placed no witness upon the stand, but that they were to determine the case and the issues raised solely on the testimony introduced by the plaintiff. In response to that request the court said : "I think I shall charge that, since no evidence was submitted by the defendant at all, and since the presence

of the motorman is not in any way accounted for, I will charge that and decline to charge the request you just made." Whereupon counsel for the plaintiff asked the court to charge that in deciding the case they might consider the fact that the defendant produced no witnesses, to which the court said, " Yes, they will consider that whether I charge them so or not," to which counsel for the defendant excepted. Here the court appears to have been most impartial, as he charged both ways upon the same proposition, but the final result was that the jury were instructed that in deciding the case they could consider the fact that the defendant produced no witnesses. There was not the slightest evidence in the case to show that the defendant had any witnesses that it could produce; that the motorman was in its employ or was available, or that it was able to procure the attendance of any eye-witness to the occurrence. While it is possible, if this instruction had been confined to the defendant's failure to call the motorman, it would not have been objectionable, there was no presumption against the defendant because it had failed to call other witnesses to the occurrence, when it did not appear that anybody except the witnesses examined and the motorman had seen the accident or could testify upon the subject.

The judgment and order must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., McLAUGHLIN and LAUGHLIN, JJ., concurred; PATTERSON, J., concurred in result.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.