Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Leonard C. Butler against the New York City Railway Company. From an order denying defendant's motion to set aside a verdict in favor of plaintiff and for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, HOOKER, and MILLER, JJ.

William E. Weaver, for appellant.

Walter H. Dodd, for respondent.

MILLER, J. The plaintiff has recovered a judgment in the Municipal Court for personal injuries alleged to have been sustained as a result of the defendant's negligence. Plaintiff's claim is that, while he was standing in the aisle of a crowded street car, the sudden starting of the car threw the people in front of him against him with sufficient force to produce a fall from which the injuries complained of are alleged to have resulted. The car was somewhat crowded when the plaintiff boarded it. The plaintiff did not have hold of a strap, but he testified that there was none available at the place where he was standing. The court charged the jury:

"I charge that there is no question of contributory negligence in the case; that the plaintiff has shown himself free from contributory negligence."

The respondent seeks to sustain this charge by cases which hold that it is not contributory negligence as a matter of law to board a crowded street car and occupy a position such as the plaintiff occupied when injured; but these cases are beside the question here. The inferences to be drawn from the evidence, as well as the credibility of the plaintiff, were for the jury; and, while the plaintiff may not have been guilty of negligence as matter of law, it is obvious that it was error to charge as matter of law that he was not guilty of negligence.

For this reason the judgment and order must be reversed, and a new trial ordered; costs to abide the event. All concur.

---

(48 Misc. Rep. 519.)

## ROODER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 29, 1905.)

TRIAL—INSTRUCTIONS—FAILURE TO CALL WITNESS.

In an action for injuries to a passenger, claimed to have been caused by the starting of a car while she was alighting, it appeared that the motorman was in the Philippines, and the court charged that if any witness who might have given material testimony had not been called, or his absence sufficiently accounted for, the jury might conclude that if he had been called his testimony would have been adverse to the party who failed to call him, and that there was a provision of law enabling parties to have a commission issued to take testimony in order to perpetuate the same. *Held,* that the instruction was erroneous.

Appeal from City Court of New York.

Action by Kate Rooder against the Interurban Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Bayard H. Ames, for appellant.

Sullivan, Goldsmith & Engel, for respondent.

GILDERSLEEVE, J.   This is one of the ordinary actions against a railroad company to recover damages for an injury received by the plaintiff, alleged to have been caused by the negligent starting of a car before the plaintiff, a passenger thereon, had been given an opportunity to alight, after the car had stopped in response to her request. The evidence was conflicting as to how the accident occurred; the defendant's witnesses testifying to a state of facts which, if believed by the jury, would have entirely absolved the company from liability. The justice charged the jury that, if the accident happened as testified to by the defendant's witnesses, that was an end of the case, that the plaintiff could not recover.   The testimony was quite equally balanced, and if there had been no prejudicial error in the charge to the jury the verdict would be sustained.

During the trial a witness (Hirsch) on the part of the defendant testified that he had a brother named Ike Hirsch; that his business on August 14, 1902, the date of the accident, was that of motorman; and that he was then (at the time of the trial) in the Philippine Islands.   In response to a question by the court, he said:

"I cannot exactly say how long he has been in the Philippines.   I don't know when he went away.   He has been gone to my knowledge about a year and a half."

This was all the testimony whatever that was given regarding this absent witness.   It also appeared that the motorman's name was Hirsch.   During the charge to the jury the plaintiff's counsel said:

"I ask your honor to charge the jury that the defendant could have made application to procure a commission to take the testimony of the absent motorman.

"The Court: I charge you, gentlemen of the jury, that if you believe there is any witness who might have given testimony—material testimony—concerning this case, and that witness has not been called or his absence sufficiently accounted for, you can conclude that if that witness had been called, or he had been produced here, his testimony would have been adverse to the party who failed to call him.   So far as the motorman is concerned, the proof is now, as the record stands, that he is in the Philippines.   You will remember that I asked his brother, who was on the stand, and he said that the motorman left here a year and a half ago.   There is a provision of law which allows parties to an action, who desire to take testimony for the purpose of perpetuating the same, to ask that a commission be issued therefor, and I therefore charge you, as requested by plaintiff's attorney, that there is no evidence upon the part of the defendant that it has applied for a commission to take the testimony of the motorman."

I think this was error.   The charge was to the effect that, because the defendant had not secured the testimony of this absent motorman, the inference that his testimony would be adverse to the defendant might be drawn by the jury.   The reasoning of the court in Fremont v. Met. St. Ry. Co., 83 App. Div. 414, 82 N. Y. Supp. 307, is especially applicable to the case at bar.   It was there held, under facts somewhat similar, that:

"The defendant was under no obligation to issue a commission to examine this witness, who was not in its employ and was employed and sojourning, if not residing, in another state. Furthermore, it does not appear that he saw the accident or could have given any material evidence."

The cases are numerous which hold that an inference that the testimony of a witness would be unfavorable to a party who fails to call him can only be drawn when it is shown that such witness can give material evidence, not merely cumulative (Fitzpatrick v. Woodruff, 47 Super Ct. Rep. 439; McGuire v. Hartford Fire Ins. Co., 7 App. Div. 575, 40 N. Y. Supp. 300; Baldwin v. Bklyn Hgts. R. Co. (Sup.) 91 N. Y. Supp. 59); that he is under the control of, or is an employé, friend, or relative of such party, or whose attendance might have been procured by means of a subpœna (People v. McWhorter, 4 Barb. 438; Robinson v. Met. St. Ry. Co., 103 App. Div. 243, 92 N. Y. Supp. 1010). The charge as given amounted substantially to this: That, if a party fails to call a witness who can give material testimony, the jury might consider that had such witness been called his testimony would be adverse to the party who failed to call him, and then to characterize the absent motorman as such a witness, and charging that the defendant might have procured his testimony by means of a commission. The defendant preserved its right by excepting to the charge thus given. The presumption is that error produces prejudice, and it must appear beyond doubt that the error could not prejudice. Union Ry. Co. v. Field (C. C. A.) 137 Fed. 14. The testimony is not so greatly in favor of the plaintiff as to enable us to say that this portion of the charge did not materially influence the result, and a new trial should be ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.. All concur.