### HARTMAN v. JOLINE et al.

(Supreme Court, Appellate Term. November 24, 1908.)

1. TRIAL (§ 243*)—INSTRUCTIONS—MISLEADING INSTRUCTIONS.

　　An instruction that the jury must draw no inferences from the fact that defendant did not call any witnesses, and a subsequent instruction that it is the duty of both parties to call as witnesses all persons whose attendance they can procure, and whose testimony is material, and that the jury may consider the failure of either party to call witnesses on the question whether the evidence of such witnesses would have been favorable to the party, are misleading because inconsistent.

　　[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 564, 565; Dec. Dig. § 243.*]

2. NEGLIGENCE (§ 141*)—ACTION—INSTRUCTIONS.

　　In an action for negligence, the refusal to charge that negligence, however slight, on the part of plaintiff, if contributory, precludes a recovery, is erroneous.

　　[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 386; Dec. Dig. § 141.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

　　Action by Albert Hartman against Adrian H. Joline and another, as receivers of the New York City Railway Company. From a judgment of the Municipal Court in favor of plaintiff, defendants appeal. Reversed, and new trial ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-BURY, JJ.

Masten & Nichols (Anthony J. Ernest, of counsel), for appellants.
Stuart G. Gibboney, for respondent.

MacLEAN, J.   The judgment entered upon the verdict herein in favor of the plaintiff, who brought this action to recover damages for injuries to his van run into by a car of the defendants, must be reversed and remanded because of errors in the charge of the trial justice to the jury.   The defendants rested upon the plaintiff's case, and prior to the charge requested the court to instruct as follows:

"Defendants' Counsel: I ask your honor to instruct the jury that they have no right at this time to draw any inferences from the fact that the defendants did not call any witnesses.
"The Court:   Gentlemen of the jury, I instruct you to disregard the statements made by counsel for the plaintiff.   You must draw no inferences at all from the fact that the defendant did not call any witnesses."

Thereafter, and in the course of his charge, the trial justice instructed the jury as follows:

"Now, gentlemen, it is the duty of both the plaintiff and the defendant to call as witnesses all persons whose attendance in court they could have procured by exercising due diligence, and whose testimony would have been material to the issues in this case, and you have a right to consider the failure of either party to call any witnesses whom they might have called on the question whether or not the evidence of such witnesses would have been favorable or unfavorable to the party."

Upon the conclusion of the charge the counsel for the defendants specifically excepted as follows:

"Defendants' Counsel:   I except to that portion of your honor's charge in relation to the witnesses that might be in court.
"The Court: I shall preserve your rights."

These contradictory instructions were certainly misleading, and therefore erroneous, as was likewise the refusal to charge upon request as to the effect of slight contributory negligence, to which exception was taken, as negligence, however slight, on the part of the plaintiff, if contributory, must preclude recovery.

Judgment reversed and new trial ordered, with costs to appellants to abide the event.

GILDERSLEEVE, P. J.   I concur.   In the main charge the rule in reference to absent witnesses was not correctly stated.   See Rooder v. Interurban St. Ry. Co., 48 Misc. Rep. 519, 96 N. Y. Supp. 255.

SEABURY, J.   I think that the refusal of the court to charge a request made by the counsel for the defendants justified the jury in concluding that they were to determine the comparative negligence of the parties.   I concur in the view that the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.