# Wheeler & Wilson Manufacturing Co. *versus* Walter Heil *et al.*

115  487
119  373

115       487
f 36·SC ²225

1. A married woman entered into a written contract with a sewing machine company for a sewing machine, in which it was agreed that the contract was a contract of renting only and not a sale conditioned or otherwise, and that no payment of money except the payment of the purchase money as provided—the payment of a nominal sum at her option after she had paid the stipulated rent for the time specified—should vest in her any title or prevent the company from reclaiming possession of the machine. *Held*, (*a*) That this contract was to all intents and purposes a bailment and not a sale; (*b*) That in default of the payment of the purchase money for the machine as provided in the contract, she had no title to it, and that she and her husband were both liable in an action of trover for their refusal to permit the company to take the machine.

2. When the husband is present during the commission of a tort by the wife, whether himself actively participating in it or not, *prima facie*, the wrong is deemed his alone, but this may be rebutted and each of the two may be deemed in law the doer of the wrong the same as though they were unmarried.

February 18th, 1887. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lehigh county:* Of July Term 1886, No. 119.

Trover by the Wheeler and Wilson Manufacturing Company against Walter Heil and Maria Heil. Plea, not guilty.

The following are the facts of the case as they appeared on the trial before ALBRIGHT, P. J.:

Maria Heil was a married woman, the wife of Walter Heil. On May 24th, 1884, the plaintiff delivered to her a sewing machine upon the following terms and conditions, being the written contract between them.

This agreement, made and entered into by and between Wheeler & Wilson Manufacturing Company, of the first part; and Mary Heil, of Zionsville, Pa., of the second part.

Witnesseth, that the party of the first part has this day rented to the party of the second part a Wheeler & Wilson sewing machine, No. 480,825, style K. B. E., valued at fifty dollars ($50), for the period of fourteen months, from the date hereof, for the sum of ten dollars ($10), the receipt of which is hereby acknowledged, and the further sum of three dollars ($3), to be paid promptly at the office of said company in Allentown, Pa., on the twenty-fourth day of each month, consecutively, during the continuance of this agreement, commencing on the twenty-fourth day of June next.

And the party of the second part agrees to pay said several sums promptly, and not to move said machine from her present residence, without the consent in writing of the party of the first part.

It is distinctly understood and agreed between the parties hereto, that this is a contract of renting only, and not a sale, conditional or otherwise, and the whole of the contract between the parties is expressed in this instrument.

And it is further understood and agreed, that the party of the second part is to be the agent of the party of the first part, in holding and keeping possession of said machine, and that it is to be well preserved and carefully used by the said party of the second part, and delivered up to the party of the first part, on demand; but the party of first part agrees not to demand a return of said property so long as it is properly used and kept at the place agreed upon, and so long as the rent shall be faithfully and promptly paid in the terms and spirit of this contract.

At the expiration of the time for which the said machine is rented, the party of the second part shall return and deliver the same to the party of the first part in good order, save reasonable wear. If the party of the second part shall faithfully

keep and perform this agreement, and make all the payments
therein stipulated when due, then and not otherwise, the
second party may at her option purchase said machine within
ten days after the time for which the same is rented, and not
afterwards, by paying to the party of the first part one dollar
purchase money, and upon such payment the party of the
first part shall sell and deliver said machine by a good and
sufficient bill of sale to the party of the second part. Noth-
ing in this agreement contained, and no payment of money
pursuant hereto, excepting the payment of the purchase
money as above provided, shall in any wise vest, or be under-
stood or construed to vest, in the second party any title, legal
or equitable, to said machine, or any property therein for any
term whatever, or shall prevent or hinder the party of the first
part from reclaiming possession of said machine whenever the
party of the second part fails to pay the rent above stipulated
to be paid.

In witness whereof, we have hereunto subscribed our names
this twenty-fourth day of May, 1884.

WHEELER & WILSON MANUFACTURING Co.
By W. F. Kengott.
Maria Heil.

Executed in presence of
A. E. STAHLER.

The down money was paid in the surrender of an old
machine, and four monthly payments were made as stipulated
in the contract. In December, 1884, however, Mrs. Heil was
in arrear in her monthly payments, and on the 5th of that
month, E. H. Leon, the general agent of the plaintiff, and
William F. Kengott, the district agent, called upon Mrs. Heil
at her house and demanded of her the rent in arrear on the
machine. She refused to pay it. The agents then demanded
the machine, being prepared with a team to take it along, and
Mrs. Heil refused to surrender it.

Mr. Leon then lifted the top part of the machine off the
stand and took it along, leaving the stand, including the iron
wheel, treadle and head on which the machine rests, with Mrs.
Heil, who made no more payments on the machine. After-
wards, and before this action was brought, Mr. Kengott went
to the house of Mrs. Heil again and demanded this stand of
the machine; first of Mrs. Heil, and then of Mr. Heil, and both
in turn refused to surrender it, and this action was then
brought to recover damages. The part of the machine detained
from the plaintiff was valued at $25.

After the plaintiff closed his case the defendants moved the
court to grant them a compulsory nonsuit. The court allowed
the motion, delivering the following oral opinion : A married

[Wheeler & Wilson Mfg. Co. *v.* Heil et al.]

woman is incapable of making a contract, except where she is specially authorized by Act of Assembly to do so, and in certain exceptional cases based upon constructions of the Act of 1848. If a married woman were sued upon this contract and by way of affirmance of it, it is probable that under the Act of 1872 a judgment in some form could be obtained. That, however, is not the effort here, but the effort is to obtain a judgment based upon a tort, trover and conversion, against these two defendants. It is evident from the plaintiff's case that the sewing machine was placed in the hands of a married woman in pursuance of the written contract in evidence, and whether her contract be treated as an absolute sale, or as a lease, it cannot be found from this evidence that these two defendants or any one of them has been guilty of a tort. The motion for a nonsuit is allowed, and on the same day a motion entered to take off the same.

The court overruled the motion to take off the compulsory nonsuit and thereupon judgment was entered. The plaintiff thereupon took this writ and assigned for error the action of the court in granting a compulsory nonsuit and in refusing to take it off.

*James S. Biery* (*John Sparhawk, Jr.*, with him), for plaintiff in error.—The contract between the parties was a bailment. A bailee is liable to his bailor in an action of trover for the conversion of the bailor's property: Etter *v.* Bailey, 8 Barr, 442, and this in the case of infants or married women: Penrose *v.* Curren, 3 Rawle, 354; 2 Kent Com., 5th ed., 149 note; Id., 241 note; Green *v.* Sperry, 16 Vt., 390; 2 Hill on Torts, 102; Conklin *v.* Thompson, 29 Barb., 218.

*A. G. Dewalt* (*M. C. Henniger* with him), for defendants in error.—The contract between the parties was a sale. The plaintiff's remedy was by an action on the contract: McQuillan *v.* Singer Mfng. Co., 3 Out., 586; Keen *v.* Hartman, 12 Wr., 497.

Mr. Justice CLARK delivered the opinion of the court March 7th, 1887.

That the contract of 24th May, 1884, between the Wheeler & Wilson Manufacturing Company and Maria Heil, wife of Walter Heil, is, in terms, a bailment and not a sale of the sewing machine, we think cannot be doubted.

By the terms of the contract the company "rented" the sewing machine to Mrs. Heil for a definite period at a certain rent; she agreed to become the agent of the company in holding and keeping the possession of it, and not to remove it from

the place where she then resided without the company's consent; and, at the expiration of the term, or upon failure to pay the rent, on demand, to deliver up the possession to the company. On payment of the rent for the entire term specified in the contract, however, she had an option to buy, at a nominal price, but there was no present sale with a reservation of the title to secure payment.

Moreover, by the express provisions of the contract, it was "distinctly understood and agreed between the parties," that the contract was "a contract of renting only, and not a sale, conditional or otherwise," and that "no payment of money pursuant thereto, excepting the payment of the purchase money as provided, shall in any wise vest, or be understood or construed to vest, in the second party any title legal or equitable," or "shall prevent or hinder the party of the first part from reclaiming possession of said machine," etc.

Under the very recent rulings of this court in Edwards' Appeal, 105 Penn., 103, Dando v. Foulds, Id., 74, and Forrest v. Nelson, 108 Penn., 481, it must be conceded, that the contract was to all intents and purposes a bailment. Whether a given transaction is a bailment or a sale, is in some cases obscure, but we think there can be no doubt as to the effect of the contract in this case.

Besides, this is a contention arising between the parties to the contract; the nature and effect of the transaction is not questioned by creditors or third parties, and if the parties were *sui juris*, they would of course be bound by the exact terms of their agreement, whether a technical bailment existed or not.

It may be doubted, perhaps, whether a contract of this character was authorized to be made by a married woman, under the Act of 29th February, 1872. Whether it was or not however is, we think, wholly immaterial in this case. One thing is certain, that Mrs. Heil did not own the machine; she either held it upon the terms of the contract under which it came into her custody, or she did not, and in either event, the title to the sewing machine was in the Wheeler & Wilson Manufacturing Company, and, upon failure on her part to comply with the conditions of the contract, the company had a clear right to reclaim their property.

Assuming that the company was bound by the contract and that Mrs. Heil was not, there could, of course, be no personal obligation on her part to pay the rent, but the right of property remained in the company, subject to the conditions of the contract.

The rent for the machine was not paid, as provided, and the company demanded the possession of Mrs. Heil, in whose cus-

tody the company had placed it; she refused to surrender it not only in the presence of her husband, but in his absence; there is therefore neither proof nor presumption of coercion on his part. The company, upon demand made, were entitled to the possession, and her refusal was a tortious conversion of the property.

When a tort is committed by a wife, she is personally liable, unless her husband is both present and directs the doing of it, at the time: Franklin's Appeal, 18 W. N. C., 245. His presence furnishes evidence and raises a presumption of his direction, but it is not conclusive, and the truth may be established by competent evidence: Cassin v. Delany, 38 N. Y., 178. "The true view is, when the husband is present, during the commission of a tort by the wife, whether himself actively participating in it or not, *prima facie*, the wrong shall be deemed his alone; but both in civil and criminal causes this *prima facie* case may be rebutted, and each of the two may be deemed in law the doer of the wrong, the same as though they were unmarried:" Cord on Rights of Married Women, 1154. They may both, therefore, be guilty of the conversion of a chattel. "Except where otherwise provided by Statute, the husband is liable for the torts of the wife, during coveture; if committed in her company, and by his order, he alone is liable; if not, they are jointly liable, and the wife must be joined in the suit with her husband. And when the remedy for the tort is only damages by suit, the husband is liable with the wife: (2 Kent's Com., 149;) Franklin's App., *supra.*

The judgment is therefore reversed, and a *venire facias de novo* awarded.