CAVANAGH *v.* TOWNSHIP OF RIVERSIDE.

1. PERSONAL INJURIES—DEFECTIVE HIGHWAYS—PROOF OF NOTICE.
    In an action against a township for personal injuries caused by a defective highway, the burden of proving that defendant had notice of the defect is upon the plaintiff, and such fact cannot be inferred from defendant's failure to call the overseer of highways as a witness, in the absence of some evidence to indicate that he had notice.

2. SAME—ARGUMENT OF COUNSEL—ERROR.
    In such an action, it was error for plaintiff's counsel to comment to the jury on the fact that the overseer of highways was not called by defendant as a witness, and to persist in such comment after objection, where there was no evidence to show that the overseer had notice.

3. SAME—QUESTION FOR JURY.

> Where, a few days before an accident on a highway, rain had washed the dirt from the traveled portion, leaving a hole, the length of time the hole had existed, and its notoriety, were properly submitted to the jury, as bearing on the question of notice or knowledge.

Error to Missaukee; Chittenden, J.   Submitted April 5, 1904.   (Docket No. 3.)   Decided June 7, 1904.

Case by Ethel Cavanagh against the township of Riverside for personal injuries.   From a judgment for plaintiff, defendant brings error.   Reversed.

*F. O. Gaffney* (*D. E. McIntyre*, of counsel), for appellant.

*Sawyer & Bishop*, for appellee.

HOOKER, J.   The plaintiff, while riding with her husband in a lumber wagon, was thrown from the seat and injured by the dropping of the front wheels into a chuckhole in the highway.   The wagon-box was filled with wood piled crosswise, and the seat was well to the front, so that plaintiff's feet rested outside of the wagon, upon a board 3½ inches wide, spiked to the wagon-box at right angles.   The seat consisted of a board covered by two horse-blankets and a quilt, and was about 6 inches higher than the sides of the box.   The highway crossed what had once been a swamp.   A corduroy road was first constructed, and this was covered by dirt and gravel.   It had been turnpiked, the last work having been done in October previous to the accident.   A few days before the accident, heavy rains washed out the dirt, and caused the chuck-hole referred to.   It is claimed that no direct evidence of notice was given.

Three questions are discussed, viz.:

1. The argument by plaintiff's counsel to the jury, *i. e.:*

" Mr. E. F. Sawyer, attorney for the plaintiff, in his argument to the jury, said :

" ' And right there upon the front seat in this court-room sat Mr. King, the overseer of highways of this district.'

"*Mr. Gaffney, Counsel for Defense:* ' I object to that, and take an exception to it.'

"*Mr. Sawyer:* ' I am entitled to comment to you on the fact that Mr. King, the overseer of highways of that district, sat right there, upon the front seat in this court-room, during the trial of the case, and that he was not called as a witness by the defense. I ask you why he wasn't called, gentlemen of the jury. Because he would have been compelled to admit the dangerous condition of the highway at that very place.'

" *Mr. Gaffney:* ' Note an exception to the remarks of counsel to the jury. I object and except to counsel stating to the jury that the overseer of highways for that district sat upon the front seat here in the court-room, and was not called because he would have been forced to admit the dangerous condition of the highway at that particular place. I desire to except to the remark because it is not true, and there is no evidence in this whole case of its existence.'

" *The Court:* ' Take your exception.'

" *Mr. Sawyer:* ' Mr. Gaffney will not deny but that the overseer of highways sat upon that seat there in this court-room.'

"*Mr. Gaffney:* ' We except to the statement. There is no evidence whatever of it, and it has nothing to do with this case.'

" *The Court:* ' Note the exception. Proceed.'

" *Mr. Sawyer:* ' Oh, I don't wonder that my brother objects to this statement.'

" *Mr. Gaffney:* ' I object to that, your honor. My position in this matter is a matter of law.'

" *The Court:* ' Take your exception. Proceed.'

" *Mr. Sawyer:* ' I say that it is the province of counsel to comment on the fact that certain witnesses have not been called in the case, and that is all I have now done.' "

2. Whether the proofs warranted an inference of notice or knowledge by reason of the length of time the defect had existed.

3. Contributory negligence, it being contended that the

case should have been taken from the jury upon this ground.

The alleged improper remarks of counsel in his argument to the jury: Mr. King was the overseer of highways of the district in which the accident happened. The argument tended to lead the jury to infer that he had notice of the defect, and that, had he not, he would have been called for the defendant to show the fact. There are cases in which it is proper to draw inferences from the failure of parties to call particular witnesses, but, before such an inference is proper, there should be something in the case imposing some sort of duty or obligation to call such witness. See *Anderson* v. *Russell*, 34 Mich. 109; *Bendetson* v. *Moody*, 100 Mich. 557 (59 N. W. 252). This was a case where the burden of proving notice was upon the plaintiff, and it was not to be inferred from the failure of the defendant to call Mr. King, in the absence of some evidence to indicate that he had received notice. Counsel for the plaintiff admits the impropriety of the language, but asserts that it could do no harm, and that he did not pursue the matter after objection was made. We are of the opinion that the record shows that it was pursued until four different exceptions were made, and that counsel for plaintiff "had the last word" in the dialogue resulting from the improper argument.

The other points may be disposed of in a word, it being unnecessary to review the testimony, which was conflicting. It was proper to leave the length of time that the hole existed, and its notoriety, to the jury, and the same is true of the question of contributory negligence.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.