(99 App. Div. 496)

#### BALDWIN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   December 15, 1904.)

1. WITNESS—FAILURE TO CALL—INFERENCE.
    Where in an action for injuries defendant pleads a release, and plaintiff testifies that at the time of signing it she was under the influence of morphine given her by a physician, no inference can be drawn, from her failure to call him as a witness, that his testimony would not be favorable to her.

Appeal from Trial Term.

Action by Anne McLean Baldwin against the Brooklyn Heights Railroad Company.  From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

I. R. Oeland, for appellant.

Sutherland R. Haxtun (John B. Coleman, on the brief), for respondent.

PER CURIAM.  This is an action to recover damages for a personal injury, and the only question presented upon this appeal is in reference to a refusal of the court to charge certain requests made by the defendant.

The plaintiff was a married woman, living apart from her husband, and gaining her own livelihood as a trained nurse.  She was injured by one of the defendant's cars, on which she was a passenger, starting before she had time to alight after the car had been stopped for that purpose, and the injury appears to have been of a permanent nature.  While the plaintiff was confined at the hospital the defendant's claim adjuster entered into negotiations with plaintiff's husband, between whom and the plaintiff there appears to have been a passive friendship, which resulted in the husband taking the claim agent to the hospital, where the plaintiff, for an alleged consideration of $75, released her claim against the defendant.  The plaintiff concedes that she signed the paper, but she testified that she was never paid $75 or any other sum for such release, and that she has no recollection of the contents of the paper.  In explanation, she testified that she had taken a dose of morphine on the day in question, and that all of her recollections of that time are obscured and hazy.

At the close of the charge to the jury, defendant's counsel made the following request:

"The plaintiff did not call Dr. Baldwin.  I ask your honor to charge the jury that, if the plaintiff has failed to call a witness who could throw any light on the subject, the jury may infer from their not calling him that he would not help their side."

Obviously this is not the law; a plaintiff is not obliged to call every witness who might throw light upon the subject.  He may call such witnesses as he may deem necessary to establish the facts

necessary to his cause of action, but a mere failure to call all of the persons who could throw light upon the subject does not subject him to any adverse inferences. However, the court made no ruling upon this particular request, and, after some running comment between counsel, defendant's counsel said:

"My point is that here was this woman's husband with her at the time, whom she said had a certain connection with giving her certain drugs, and so forth. Now, they have not called him; and I say that, where a witness is in the plaintiff's possession, and was also present when the release was signed—that is, the husband of the plaintiff, who is on good terms with her in the court—I ask your honor to charge the jury that, under those circumstances, where they have not called him, the jury may infer that his testimony would not be of benefit to her."

This request the learned court refused to charge, and properly, we believe. The plaintiff had testified that she had taken the morphine; it appeared in evidence that the morphine had been furnished by her husband, a licensed physician; and, the burden being upon the defendant to show that its release was good, why should the plaintiff be called upon to place Dr. Baldwin upon the stand, or run the risk of having the jury charged that they might infer that his testimony would not be of advantage to her? The defendant had the same right to call Dr. Baldwin that the plaintiff had; there was nothing to indicate that he was less friendly to the defendant than to the plaintiff; and, if the latter was content to rest her case upon her own testimony in reference to the release and the circumstances under which it was procured, no rights of the defendant were prejudiced, and it had no right to have the jury charged as requested. It was for the defendant to show that it had a valid release, and undoubtedly, if it had had any reason to believe that Dr. Baldwin would have discredited the testimony of the plaintiff in any degree, it would not have failed to call him. Not caring to take this responsibility itself, it would be strange if it could get all of the effect of discrediting evidence by the mere failure of the plaintiff to call a witness upon a collateral issue, and one which was already supported by evidence of equal value. This is not a case where a party fails to call the only witness who was in a position to know the truth; it is one where there were two witnesses, and the plaintiff chose to rely upon her own testimony, leaving it for the defendant to contradict or weaken it if it could.

The judgment and order appealed from should be affirmed, with costs.