such an error as is covered by the statute, as it goes to the substance of the action; and, second, as the dismissal is not on the merits, another action may be brought within one year from the termination of this one by a reversal of the judgment and a dismissal of the complaint (Code Civil Procedure, § 405), as the general provisions of the Code dealing with the limitation of actions apply to actions brought under section 1902 of the Code. Sharrow, Adm'r, v. Inland Lines, Ltd., 214 N. Y. 101, 105, 111, 108 N. E. 217, L. R. A. 1915E, 1192.

The judgment and order should therefore be reversed, with costs, and the complaint dismissed, with costs. Order filed.

CLARKE, P. J., and SCOTT and DOWLING, JJ., concur. SMITH, J., dissents.

---

METALLURGICAL SECURITIES CO. v. MECHANICS & METALS NAT. BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    February 11, 1916.)

1. BANKS AND BANKING ⬅154—CHECK—TO WHOM PAYABLE—EVIDENCE.

In an action by the depositor to recover amounts paid by defendant bank to one forging the payee's name on checks issued by plaintiff, evidence by defendant that it had rendered an account to plaintiff showing plaintiff's balance to be $200, which could only be correct upon payment of such checks, and that plaintiff's vice president, on cross-examination, stated that he understood that the forger claimed the checks were payable to bearer, was not sufficient evidence to raise an issue whether such checks were payable to bearer, where plaintiff's check book showed that the checks had been made to the named payee.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–512, 515, 516, 518–533; Dec. Dig. ⬅154.]

2. BANKS AND BANKING ⬅148—CHECK—FORGED INDORSEMENT—DEPOSITOR'S NEGLIGENCE.

Where, in such action, the only error in the plaintiff's account with defendant lay in the forged indorsement of the payees of the check, an instruction that the plaintiff was bound to use diligence to examine the passbook and to report any errors discovered, and that, if the bank was misled to its prejudice by plaintiff's failure so to do, there could be no recovery, was error, since there is no duty on the depositor to look for forged indorsements.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 438–446, 451, 452; Dec. Dig. ⬅148.]

3. BANKS AND BANKING ⬅148—FORGED CHECK—ERRORS—NOTIFYING BANK —DEPOSITOR'S DUTY.

Where plaintiff's employé forged the name of the payee on checks drawn by plaintiff, and cashed the checks at defendant bank, on which they were drawn, there was no duty on plaintiff to notify the bank of errors in the account, caused by the irregularities of such employé, where there was no evidence of any damages resulting to defendant by plaintiff's failure to so notify, since a depositor cannot be charged with the failure to notify bank of errors in an account, unless the bank has been actually damaged by such failure.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 438–446, 451, 452; Dec. Dig. ⬅148.]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. TRIAL ☞234—FAILURE TO CALL WITNESS—PRESUMPTION.

Where the plaintiff failed to call the defaulting employé as a witness in such action, such employé having been guilty of irregularities, and being at the time of the trial in the insane asylum, and having forged plaintiff's name a number of times, the charge that the jury might infer from such failure to call the employé that his testimony would have been adverse to the plaintiff's interest was error, since there was no such relationship between plaintiff and the employé as to authorize such an inference to be drawn from the failure to call.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 534–538, 566; Dec. Dig. ☞234.]

Appeal from Trial Term, New York County.

Action by the Metallurgical Securities Company against the Mechanics & Metals National Bank of the City of New York. From a judgment in its favor for less than the sum demanded, and from an order denying its motion for new trial, plaintiff appeals. Reversed.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

Ely J. Blair, of New York City, for appellant.
Frank M. Patterson, of New York City, for respondent.

SMITH, J. The plaintiff seeks to recover from the defendant $1,200 as the balance of the deposit due. Defendant contends that $200 only is due of said deposit, and for that amount the plaintiff has judgment. Two checks of $500 each, signed by the plaintiff and made payable, according to the testimony of plaintiff's vice president, to Rounds, Hatch, Dillingham & Debevoise, were paid by the defendant bank without indorsement of the payees therein named. It seems that one Bergasse, who was in the plaintiff's employ, procured the money upon said checks, and when the checks were returned at the end of the month presumably abstracted them, as they were not to be found and were not produced upon the trial.

[1] The contention of the defendant is that these checks were payable to bearer, that the checks were lawfully paid, and that the evidence that they were payable to Rounds, Hatch, Dillingham & Debevoise having been sworn to by the vice president of plaintiff's bank, it became a question of fact as to whether they were so payable, or payable to bearer. If payable to the Rounds, Hatch, Dillingham & Debevoise firm it is evident that they were not indorsed by the payees, and that the indorsements upon which they were paid were forgeries. There is no evidence that these checks were payable to bearer. The only suggestion in the case was introduced by the cross-examination of Vogelstein, plaintiff's vice president, in which it was asked if Vogelstein did not know that Bergasse claimed they were payable to bearer, to which Vogelstein responded that he so understood. It further appears that upon July 1st the defendant rendered plaintiff an account, showing that the plaintiff had a balance of $200, and that this account was acknowledged to be correct by the defendant. But this was an account stated, which could be shown to have been made through mistake, and is of little significance, because the check book of the

plaintiff shows that these checks had been made, and presumably they had been presented by the payees therein named and charged to plaintiff's account. It was not until long after July 1st that it was discovered by the plaintiff that these checks never reached the firm of Rounds, Hatch, Dillingham & Debevoise, and soon after these facts were discovered the bank was notified of the plaintiff's claim in reference thereto.

[2] Upon this state of facts the court charged the jury:

"That the plaintiff was bound to use due diligence to examine the passbook, and to report any errors which they might be able to discover, and that if the bank was misled to its prejudice by the failure of the plaintiff so to do that the plaintiff cannot recover the amount due."

This charge was, we think, erroneous as applied to this case, because the only error in the account lay in the forged indorsement of the payees of the check, and it has been held that there is no duty on the depositor to look for forged indorsements. Critten v. Chemical National Bank, 171 N. Y. 219, 63 N. E. 969, 57 L. R. A. 529.

[3] Again: The question was practically left to the jury to determine whether the plaintiff had notified the bank within a reasonable time after its discovery of the irregularities of Bergasse. There is no evidence, however, that the discovery of this forgery was made any length of time before the bank was notified thereof, and there was not sufficient evidence of negligence by the plaintiff in this respect to raise a question of fact for the jury. Furthermore, the law is well settled that a party cannot be charged with a failure to notify a bank of errors in an account unless the bank had been actually damaged by such failure. Kearny v. Metropolitan Trust Co., 110 App. Div. 236, 97 N. Y. Supp. 274, affirmed 186 N. Y. 611, 79 N. E. 1108; Critten v. Chemical Nat. Bank, 171 N. Y. 219, 63 N. E. 969, 57 L. R. A. 529; Morgan v. U. S. Mortgage & Trust Co., 208 N. Y. 218, 101 N. E. 871, L. R. A. 1915D, 741, Ann. Cas. 1914D, 462. There is no evidence in the case at bar of any damage resulting to the defendant by the failure of the plaintiff to give notice of any irregularities on the part of Bergasse.

[4.] If this case must be retried, there is one other error in the charge to which attention should be called. It was claimed on the part of the defendant that the failure of the plaintiff to call Bergasse gave the jury the right to infer that, if called, his testimony would have been adverse to the plaintiff's interest. We are of opinion that the facts in the case do not justify the charge as made. In the first place, the evidence shows that Bergasse was at this time in the insane asylum. Furthermore, Bergasse had been forging the plaintiff's name, and had committed irregularities in the plaintiff's business. Under these circumstances, there was no such relationship between plaintiff and Bergasse as would authorize any inference to be drawn against the plaintiff from failure to call Bergasse.

The judgment and order must therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.