JULIUS BLAUNER, Appellant, *v*. HOWARD D. REEVELAND, Doing Business under the Firm Name and Style of STANDARD WET WASH LAUNDRY, Respondent.

First Department, November 3, 1922.

Evidence — presumptions — action by guest of owner of automobile to recover from owner of truck for injuries received in collision — plaintiff's host testified that chauffeur had left employ three years before trial and that he made no effort to produce him — reversible error to instruct jury that they might draw unfavorable inference from failure to produce chauffeur — rule stated as to when unfavorable inference may be drawn from failure to produce witness.

In an action to recover damages received by the plaintiff in a collision between the automobile in which he was riding as a guest and a motor truck of the defendant, it was reversible error for the court to charge the jury that they might draw an unfavorable inference from the failure to produce the chauffeur of the automobile as a witness and to comment on the fact that the owner of the car who had testified that the chauffeur left his employ about three years before the trial, stated that he had made no effort to find the chauffeur though at the time of the employment he did know where he resided, for the

owner of the automobile was not the plaintiff in the action and the plaintiff was not chargeable with what the owner had failed to do.

Moreover, it is only in a case where a party fails to produce a witness in his employ or in some manner under his influence or control that inferences may be indulged that the witness, if called, would give testimony adverse to the party failing to call him.

APPEAL by the plaintiff, Julius Blauner, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 18th day of May, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying plaintiff's motion for a new trial made upon the minutes.

*I. Gainsburg* [*George W. Curtis, Jr.,* of counsel; *Leonard F. Fish* with him on the brief], for the appellant.

*Winne & Frey* [*Alfred M. Bailey* of counsel], for the respondent.

MERRELL, J.:

Several grounds are urged by the appellant why the judgment entered upon the verdict of the jury in defendant's favor should be reversed. But two of the reasons for reversal advanced by the appellant merit serious attention. *First,* the appellant claims that the verdict is against the weight of the evidence. After a careful examination of the testimony given upon the trial, we are not disposed to disturb the verdict of the jury on the ground that it is against the weight of the evidence; and were that the only ground of appeal, we would have no hesitation in affirming the judgment appealed from.

The appellant, however, asks reversal upon the ground that the learned justice presiding at the trial of the action committed serious error in charging the jury. The error complained of, and which we think requires a reversal of the judgment, consisted in the court's charging the jury as to certain inferences to be drawn from the failure of the plaintiff to produce as a witness upon the trial the chauffeur driving the car in which the plaintiff was riding. The plaintiff, at the time he sustained the injuries for which he seeks to recover, was an invited guest of a friend, one Moskowitz, in the latter's Hudson limousine car. Moskowitz had invited the plaintiff to ride from his place of business in New York city to Far Rockaway, on Long Island, in Moskowitz's car. The car was driven by a chauffeur of Moskowitz, and while proceeding along Merrick road (so called) on Long Island on the way to Far Rockaway, a collision occurred with the defendant's truck, resulting in wrecking the automobile in which plaintiff was riding and in plaintiff's receiving personal injuries, to recover for which he

brought the present action against the defendant. At the trial the chauffeur driving the Moskowitz car, in which the plaintiff was riding as an invited guest, was not called as a witness. Moskowitz testified, on cross-examination, that said chauffeur had left his employ about three weeks after the accident occurred, and that he had not seen him since, but that at the time he employed him the chauffeur told him he resided on East Broadway, New York city; that he, Moskowitz, had not gone nor sent anybody there to look for the chauffeur, nor tried in any way to find him. In the course of his charge to the jury the learned trial justice presiding at the trial instructed the jury as follows: " True, the chauffeur of Moskowitz's car is not here, nor has he been produced, and Moskowitz very plainly told you when he was here upon the stand that he made no effort to get him; that he did know at the time he had him in his employ that he lived over on East Broadway in this city, and he was asked if he made any attempt to get him, and he said he did not. He has not been produced, however, and there is, as counsel for the defendant has very properly said to you, a rule of law that is applicable to a situation of that kind, namely: that if it appears that any witness to the accident who could give material testimony is within the jurisdiction of the court, and can be reached by its subpœna to come here to court, and that witness has not been called, that the jury have a perfect right to assume, and to infer that if he had been called that his testimony would be adverse to the party who failed to call him. In view of the testimony given here by Mr. Moskowitz that no effort has been made to bring this chauffeur here, the mere fact that his absence has not been accounted for you can draw the inference that you naturally believe is deducible from a situation of that kind, so, therefore, the testimony of the plaintiff rests largely upon that of Mr. Moskowitz."

In thus instructing the jury we think the learned court committed serious error. In the first place, Moskowitz was not the plaintiff in the action, and plaintiff was not chargeable with what Moskowitz had failed to do. It was a matter of no importance to the jury whether or not Moskowitz had made any effort to find his chauffeur. Moreover, it is only in a case where a party fails to produce a witness in his employ or in some manner under his influence or control that inferences may be indulged that the witness, if called, would give testimony adverse to the party failing to call him. Even though Moskowitz had been the plaintiff, the evidence was to the effect that the missing chauffeur had not been in his employ for nearly three years prior to the trial. We think the trial justice clearly erred in such instruction to the jury.

(*Schwier* v. *N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 558; *Baldwin* v. *Brooklyn Heights R. R. Co.*, 99 App. Div. 496; *Neale* v. *Nassau Electric R. R. Co.*, 161 id. 95; *Perlman* v. *Schanck*, 192 id. 179.)

We have no doubt that such erroneous instruction was very prejudicial to the plaintiff's rights, and undoubtedly must have had great weight with the jury. Upon that ground the judgment entered upon the verdict of the jury and the order denying plaintiff's motion to set aside the verdict and for a new trial should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., SMITH, GREENBAUM and FINCH, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.