AGNES C. DENBLEYKER, PLAINTIFF-RESPONDENT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT-APPELLANT.

Submitted October 14, 1932—Decided February 25, 1933.

Before Justices BODINE and DONGES.

For the appellant, *Henry H. Fryling* and *Harold F. Dorgeval.*

For the respondent, *Francis A. Gordon* and *John M. Mackenzie.*

PER CURIAM.

This is defendant's appeal from a judgment of the Union County Common Pleas in favor of the plaintiff in the sum of $15,000 for personal injuries sustained as the result of being thrown from her seat on a bus of the defendant.

On February 13th, 1930, plaintiff was a passenger on a bus of defendant on Westfield avenue between Rahway and Westfield. She was seated next to the aisle on the left side of the bus near the front. The bus swerved sharply to the right, off the paved portion of the road, and the right side dipped down considerably below the level of the left. Defendant's driver claimed this turn was made necessary to avoid a collision with another automobile, but this point was controverted. As the result of the tilting of the bus, plain-

tiff was thrown from her seat against the seat across the aisle and injured. The injury for which damages were sought was an ulcer of the duodenum.

The question of negligence is not involved in this appeal. Two points are argued by defendant-appellant. The first is under the heading: "The evidence failed to establish legally that the accident created or caused the ulcer." This is based upon the following grounds of appeal: 1. That it was error to refuse to strike out testimony concerning the causal connection between the ulcer and the accident. 3. That it was error to refuse to nonsuit on the ground there was no evidence that the accident was the proximate cause of the ulcer. 5, 6, 7, 8, 9 and 10. That it was error to refuse to charge certain requests, all based upon the proposition that there was no evidence that the accident caused the ulcer.

1. Plaintiff testified that she had been in good health prior to the accident; that she struck her abdomen under the ribs when thrown against the seat; that she felt ill when she got home and took some magnesia; that the next day she was worse; and that the following day she had a hemorrhage. Her trouble was finally diagnosed as an ulcer of the duodenum.

Dr. Livengood, the attending physician, testified that the blow plaintiff received caused a ruptured blood vessel, which in turn caused the ulcer.

Dr. Crohn, an expert on diseases of this sort, testified that in his opinion the blow was the cause of the ulcer.

This testimony raised a question of fact for the jury.

On cross-examination of plaintiff's experts it was brought out that they obtained and used subjective symptoms in arriving at their conclusions. As far as Dr. Livengood is concerned, this seems to be unobjectionable because he was the attending physician. No objection was made to any of this testimony at the time it was given, but at the end of the plaintiff's case, defense counsel moved "to strike out the testimony relating to any connection between the ulcerous condition and the accident on the ground that none of it has been properly proven as the natural and probable result of the accident excluding all other causes, and on the ground that

all of it, according to the testimony of the doctors, all of the opinions of the doctors are based upon history in part, at least, and as it happens, all the doctors who have testified have based their opinions on histories that were composite histories given to them not only by the plaintiff but given to them also by relatives and friends."

The motion to strike on the ground the testimony was based upon histories given the doctors, if otherwise meritorious, was made too late. If objectionable on that ground, it appeared during the testimony of these witnesses, and it was defendant's duty to move to strike as soon as the incompetency of the testimony became known. *O'Brien* v. *Staiger,* 101 *N. J. L.* 526.

The refusal of the motion to nonsuit was proper. *Migliaccio* v. *Public Service,* 101 *N. J. L.* 496, is relied upon by the appellant, but the situation there was quite different. In that case tuberculosis, which caused death, did not appear until about a year after the accident, and was alleged to have resulted from a run-down condition caused by the accident. Here the contention is, and the expert testimony supports it, that the ulcer was the direct result of the trauma.

In view of this holding, the refusal to charge the six requests on this subject was also proper.

2. The other point is that it was error to refuse two requests to charge to the effect that the jury had a right to infer that the testimony of a Dr. Gerendasy, if he had been called as a witness, would have been unfavorable to plaintiff. This physician had examined the plaintiff and had testified at a previous trial which resulted in a disagreement. He was in court at the second trial but was not called. Appellant relies upon the case of *Nelson* v. *Public Service,* 5 *N. J. Mis. R.* 73; 135 *Atl. Rep.* 467, wherein the Supreme Court, on plaintiff's rule for a new trial on the question of damages, said that the jury might have properly considered that the failure of the plaintiff to call either of the doctors who had treated her was because their testimony could not have aided her case. In that case no medical evidence at all was presented. The instant case seems not to be analogous. Expert testi-

mony was given, and it might as well be considered that this physician's testimony would have been cumulative. In *Giardelli* v. *Public Service,* 8 *N. J. Mis. R.* 104; 149 *Atl. Rep.* 39, the Supreme Court held there was no duty on the trial judge to charge such a request.

The judgment under review is affirmed, with costs.