Adams *v.* Derian et ux., Appellants.

358

Argued October 11, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*William T. Connor*, and with him *John R. K. Scott*, for appellant.

*G. Levering Arnhold*, for appellee.

OPINION BY STADTFELD, J., December 18, 1934:

Plaintiff instituted an action of trespass for personal injuries against the appellants, husband and wife, for an alleged assault upon her on January 9, 1932. The statement of claim averred that the assault had been committed by the husband, Osgan Derian, in the presence of his wife, Sirouhie Derian, "acting in her behalf and upon her business, with her consent and at her direction." The case came on for trial before the court and a jury on April 27, 1934. Requests for binding instructions in favor of defendants were refused and the jury rendered verdicts in favor of plaintiff against both the defendants in the sum of $1,225 and assessed punitive damages in the sum of $500. A motion for new trial and motions for judgment non obstante veredicto were filed and refused in an opinion by LAMBERTON, J. From the judgments entered on the verdicts these appeals have been taken.

From the verdicts the following facts may be considered established: The appellee's daughter was the lessee of an apartment in an apartment house situate at 3801 Walnut Street, in the City of Philadelphia, and

due to some misunderstanding between the daughter and the appellants, on account of no heat being furnished for the apartment, the daughter decided to move before the expiration of her lease. The appellee, the mother, was at the apartment helping her daughter to move, when on the morning of January 9, 1929, while being in the basement of the said apartment house, the appellant, Osgan Derian, demanded of the appellee that she go up to the apartment immediately. This she did, followed by Osgan Derian. When she reached the apartment, Osgan Derian, the appellant, shut the door. The appellant, Sirouhie Derian, was in the room at the time. He then demanded that the appellee pay the balance of the rent due under the lease. This argument continued for probably thirty to forty minutes, the appellee pleading with the appellants to permit her to leave and go to her place of business. This they refused to do.

The appellant, Osgan Derian, then told the appellee that she could go. As the appellee endeavored to get out she was shoved by Sirouhie Derian and then immediately after this, Osgan Derian grabbed a bag which plaintiff was holding, swung her around the room, struck her on the right shoulder, causing her to strike an arm chair, and in falling she hit her head against the wall. Plaintiff testified that she bled from the injuries inflicted; that she lay unconscious and helpless on the floor until the arrival of her daughter, sometime after the assault. When appellee regained consciousness, Osgan Derian was leaving the apartment. The daughter called a certain Dr. Shipley, residing in the neighborhood, who came and made a cursory and superficial examination of the appellee, not removing her clothes but merely observing her as she stood in the apartment, and said that the extent of her injuries could only be determined by an x-ray. She was then taken to her new home and confined to

bed for about six weeks, being treated by her family physician, one Dr. James L. Richards, who was called as a witness and testified in detail as to plaintiff's injuries.

The testimony of both defendants was in contradiction of plaintiff's testimony and was a categorical denial of the entire occurrence. Both defendants denied having touched the plaintiff and attributed her injuries to her tripping and falling over a chair as she attempted to leave the apartment.

Under the conflicting testimony, the case was necessarily one for the jury.

Appellant assigns as errors, (1) the refusal of the trial judge to strike from the record the testimony of plaintiff as to Mrs. Derian shoving her, (2) the refusal to enter judgment n. o. v. in favor of Sirouhie Derian of defendants, (3) the refusal of the court to say to the jury as requested by defendant's counsel that they may consider the fact that Dr. Shipley, who first attended the plaintiff, is here in court and not called by plaintiff, to which the court replied: "I shall not charge the jury in that respect. The testimony as to Dr. Shipley's examination came to you from the witness. The doctor was in court and he could have been called by either side. Neither side called him. I say to you that you cannot draw any inference from his failure to take the stand one way or the other;" and (4) that the trial judge erred in failing to charge the jury as to the presumptions that the defendant, Sirouhie, acted under the coercion of her husband.

The first and second assignments of error may be considered together, the first relating to the refusal to strike out plaintiff's testimony as to having been shoved by Mrs. Sirouhie Derian, and the second to the refusal to enter judgment n. o. v. in favor of the latter.

It was admitted as a matter of record that Sirouhie,

the wife defendant, was and is the owner of the apartment house at 3801 Walnut Street, and that it was leased to one of plaintiff's daughters. Both defendants were present in the room at the time of the assault; when plaintiff asked Osgan Derian, the husband defendant, to let her go out of the room, he replied, "You are not going until you pay the rest of the lease." He was necessarily acting as agent of and on behalf of and in the interest of his wife in endeavoring to collect the rent for her. In the statement of claim it is averred that Sirouhie Derian had personally countenanced and sanctioned an assault by her husband who was acting in her behalf and upon her business at the time. In our opinion that testimony was competent to show her assent to the assault by her husband who, according to the testimony, was acting on her behalf at the time, as well as to show her independent assault on plaintiff.

The sole question arising under these two assignments, is the appellant, Osgan Derian, individually liable to the appellee, or are both of the appellants, Osgan Derian and Sirouhie Derian, individually and jointly liable to the appellee. The rule is stated in Wheeler and Wilson Mfg. Co. v. Heil, 115 Pa. 487, 492, 8 A. 616, as follows: "When a tort is committed by a wife, she is personally liable, unless her husband is both present and directs the doing of it, at the time: Franklin's Appeal, 18 W. N. C. 245. His presence furnishes evidence and raises a presumption of his direction, but it is not conclusive, and the truth may be established by competent evidence: Cassin v. Delany, 38 N. Y. 178. 'The true view is, when the husband is present, during the commission of tort by the wife, whether himself actively participating in it or not, *prima facie*, the wrong shall be deemed his alone; but both in civil and criminal causes this *prima facie* case may be rebutted, and each of the two may be deemed

in law the doer of the wrong, the same as though they were unmarried': Cord on Rights of Married Women, 1154.''

During the altercation, the wife defendant was present, aided and abetted in the acts of her husband, and made no protest or in any manner tried to stop and induce her husband not to strike the appellee while he was trying to force the appellee into the payment of the rent for which she was not personally liable; she refused, after the assault, to give aid or assistance to the appellee.

The principle governing the liability of the principal for the acts of his agent is stated in 2 Corpus Juris, 853, as follows: ''In order to render the principal liable for his agent's torts they must have been committed while carrying out the principal's business; and it may be stated broadly that the tort of an agent is within the course of his employment where the agent in performing it is endeavoring to promote his principal's business within the scope of the actual or apparent authority conferred upon him for that purpose.''

(Page 854) ''The weight of recent authority, however, disregards the intent of the agent in committing the tort, and holds that the principal is as liable for torts prompted by wantonness, willfulness or malice as for other torts, if they are committed in the course of the agent's employment ......''

As to the third assignment of error, relating to the refusal of the court to charge in respect to the failure of plaintiff to call Dr. Shipley as a witness, we do not think, under the circumstances, that this was reversible error.

An examination of the testimony of appellee shows that on her cross-examination counsel for appellant brought out the fact Dr. Shipley was in court at the time, and she believed that he was subpoenaed, but

that she did not ask him to come at this time, but had asked him to come as a witness at another time. He must therefore have been subpoenaed on behalf of appellant who had the power and opportunity to call him if believed to be able to throw any additional light on the condition of plaintiff or to contradict her. It is quite evident from the evidence that from the cursory examination made by Dr. Shipley following the assault, no additional information could have been obtained to help the court and jury, or that there was anything to indicate that his testimony would have given rise to an inference which would defeat appellee's claim. This may explain the reason for the failure of appellee or appellants to call him as a witness. Irrespective of the action of the court, the jury knew of the presence of Dr. Shipley in court and of the failure of appellee to call him, and was able to draw its own inference. Quoting from the opinion of the lower court: "As said in Steel v. Snyder, 295 Pa. 120, 127, as to how far a judge may comment on the absence of evidence: 'The reasons why certain evidence, which might naturally be looked for, may not be produced, are so many and so various, and sometimes so difficult of explanation, that obviously this is a kind of argument that requires careful handling, especially when used from the bench. But it is a legitimate instrument in the investigation of truth, and a liberal discretion in its use must be allowed to the trial judge who is in a far better position to determine the occasion for it than this court possibly can be.' And in Albert v. P. R. T., 252 Pa. 527, 532: 'The evidence as a whole was sufficient to show connection between the accident and the injury, ...... Failure to produce other evidence on the same subject could not defeat the prima facie case thus made out, ......' We are convinced that the failure of Dr. Shipley to testify

was no more than a neutral circumstance." We find no merit in this assignment of error.

The fourth assignment of error relates to the failure of the trial judge to charge the jury as to the presumption that the defendant, Sirouhie Derian, acted under the coercion of her husband. This matter has already been discussed supra, and no further comment is necessary. It further appears that the only points for charge submitted by appellant were those for binding instructions. Counsel for appellants asked for additional instructions in regard to Dr. Shipley, but he never, at any time, requested the court to charge as to the presumption that the wife was under coercion from her husband, nor did he take an exception to the court's failure to so specifically charge. We find no merit in this assignment.

The case was ably tried and fairly submitted, and we find no error which would justify a reversal of the judgment.

The assignments of error are overruled and judgment affirmed.