## KRUPSAW et al. v. W. T. COWAN, Inc.

### No. 658.

Municipal Court of Appeals for the District of Columbia.

Oct. 6, 1948.

Harry Friedman, of Washington, D. C., for appellants.

P. Michael Cook, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, CLAGETT, Associate Judge, and BARSE (Chief Judge, Municipal Court), serving by designation as Associate Judge.

CAYTON, Chief Judge.

This was an action by furniture dealers against an interstate motor carrier of freight for damages allegedly caused by them to certain crated furniture which they transported from Hoboken, New Jersey to this city. The jury awarded its verdict to defendant and plaintiffs have brought this appeal.

The shipment in question consisted of some 240 pieces of used furniture which plaintiffs had bought in Holland for shipment to their store in this city. The furniture was packed in 24 crates and shipped by Holland-America Line to Hoboken. From that city it was brought to Washing-

ton in four trailer trucks of defendant, reloaded onto other trucks of theirs, and delivered to plaintiffs. There was evidence for the plaintiffs that the furniture had been carefully and properly packed into the crates in Holland. There was a conflict in the evidence as to just what condition it was in when it reached Hoboken; though it was conceded that at least some of it had been damaged at that time, before the shipment was entrusted to defendant carrier. There was also evidence that the furniture was very poorly packed into the crates; that the various pieces were not strapped or blocked or chocked in the crates to prevent slipping or damage in transit.

The first error assigned is that the trial judge erred in refusing to direct a verdict for plaintiffs. But no such ruling appears in the stenographic transcript or elsewhere in the record. Nowhere does there appear either a written prayer for a peremptory instruction or a verbal request therefor. Obviously appellants cannot predicate an assignment of error on a ruling which is not shown to have been made by the trial judge.[1]

Appellants next assign as error the overruling of their motion for judgment notwithstanding the verdict, and their motion made at the same time in the alternative, for a new trial. As to the plea for a new trial it has been held time and again that such is addressed to the sound discretion of the trial judge and that the ruling thereon is not subject to review on appeal except for an abuse of discretion.[2] Such is not even suggested in this case. Nor are appellants entitled to a review of the ruling refusing judgment notwithstanding the verdict. This is so because, as we have just said, appellants made no motion for directed verdict at the trial of the case. Under Municipal Court Rule 46(b) this omission was fatal to their right to demand judgment notwithstanding the verdict. It is fatal also to their right to have us review the ruling. We have previously held that failure to interpose a motion for a directed ver-

dict at the close of all the testimony and secure a ruling thereon precludes a party from questioning on appeal the sufficiency of the evidence. Nickel v. Scott, D.C.Mun. App., 59 A.2d 206, 208. In that case we said: "In this case the plaintiff went to the jury without challenging the sufficiency of the evidence. It is too late to challenge it on appeal by assigning as error the refusal to grant a judgment notwithstanding the verdict." The same rule applies here.

Nevertheless appellants do challenge the sufficiency of the evidence. And while it is plain, as we have said, that they have no right to appellate review on that subject, we have nevertheless examined the stenographic transcript with considerable care and from our study thereof we are entirely satisfied that the evidence presented sharp issues of fact and that it would have been obvious error for the trial judge to have taken the case from the jury. We see no reason for stating the evidence in detail, because what we have said in the second paragraph of this opinion sufficiently outlines the factual nature of the dispute between the parties.

Appellants make several criticisms of the charge to the jury. But none of these was made at the trial. Indeed the judge granted all of plaintiffs' written instructions and when the charge had been completed their counsel said that "both the plaintiff and the defendant think the Court handled your instructions with excellence, and covered the situation very well," except for one verbal request which had been refused and which we discuss in the next paragraph. We therefore rule that appellants are now in no position to complain of the charge.[3]

After the charge had been completed (the prayers having been discussed and settled the day before) appellants' counsel verbally requested the court to instruct the jury that they "have the right to infer that any witnesses not called by either party who were peculiarly within their control, that they

[1] Cohen v. Cohen, 47 App.D.C. 129.

[2] Atlantic Greyhound Lines v. Keesee, 72 App.D.C. 45, 111 F.2d 657; W. T. Cowan, Inc., v. Wagshal, D.C.Mun.App., 47 A.2d 94.

[3] Lippman v. Williams, 79 U.S.App.D.C. 334, 147 F.2d 150; Asha v. Goldsten, 78 U.S.App.D.C. 349, 140 F.2d 702; Watwood v. Potomac Chemical Co., D.C.Mun. App., 42 A.2d 728.

shall have the right to infer that if such witnesses had been called they would have testified adversely to such party's interest." He referred to the men who drove the trucks to Washington. The trial judge refused the request on the ground that it was not justified by the case as presented, and this ruling is assigned as error.

■■ Of course we recognize the general rule that when a material witness is peculiarly within the power of a party to produce and is not produced, and the failure to produce him is not explained, a jury is justified in drawing the inference that the testimony of such witness, if called, would have been unfavorable to the party who failed to call him.[4] But there are certain well-recognized and accepted limitations in the application of this general rule, which the trial judge seemingly had in mind, and which we must consider on this appeal. In the first place it may be questioned whether the witnesses were under defendant's control or peculiarly within the power of defendant to produce. True, they had worked for defendant more than a year before the trial, when the delivery was made. But the record is completely silent as to whether they were still working for defendant at the time of trial or whether defendant knew where they were. Therefore there is at least a doubt whether they were available as witnesses to defendant, or indeed to either party. In similar circumstances it has been held that the unfavorable inference should not be drawn.[5]

But even if they had been produced it is clear that their testimony would have been inferior in quality and nature to the evidence which was produced; also it would have been largely cumulative. Defendant presented five witnesses, four of whom gave expert as well as factual testimony as to the condition of the crates and the improper construction thereof, and the condition of the furniture inside the crates. Some of these witnesses saw the goods being put into the vans in Hoboken; others saw the crates in Washington. The vans themselves had been sealed by customs officials in Hoboken and remained sealed until the shipment arrived in Washington. The evidence which was before the jury put them in an excellent and well-informed position to judge the important question in the case—whether the merchandise was in any worse condition when the carrier delivered it here in Washington than it was when entrusted to them in Hoboken. There is no indication that the truck drivers could have shed any better light on that issue. They were under no duty to inspect the shipment and even had they done so they could hardly have spoken with the same knowledge, authority, or expertness as the other witnesses had. Therefore, their testimony could not have had nearly as high a probative value as that of the witnesses who did testify. This is another reason why the inference does not operate in this case.

"Furthermore it seems plain that possible witnesses whose testimony is for any reason comparatively *unimportant,* or *cumulative,* or *inferior* to what is already utilized, might well be dispensed with by a party on general grounds of expense and inconvenience, without any apprehension as to the tenor of their testimony." (Author's italics.) Wigmore on Evidence, 3rd Ed., § 287, and see cases there cited.

It seems clear, as we have said, that such testimony would have been cumulative, in view of the evidence already before the court and jury. Under the circumstances, was defendant required, regardless of the expense[6] and inconvenience involved, to

---

[4] Graves v. United States, 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021; Carmody v. Capital Traction Co., 43 App.D.C. 245, Ann.Cas.1916D, 706; Chesapeake Beach R. Co. v. Brez, 39 App.D.C. 58; Gallagher v. Hastings, 21 App.D.C. 88.

[5] City of Lawrenceburg v. Maryland Casualty Co., 16 Tenn.App. 238, 64 S. W.2d 69; Bump v. McGrannahan, 61 Ind. App. 136, 111 N.E. 640; Metallurgical Securities Co. v. Mechanics & Metals Nat. Bank, 171 App.Div. 321, 157 N.Y.

S. 321; see Adams v. Derian, 115 Pa. Super. 357, 175 A. 762; see also Blauner v. Reeveland, 203 App.Div. 101, 196 N. Y.S. 457; compare Egan v. United States, 52 App.D.C. 384, 287 F. 958.

[6] Note that in Culp v. Repper, 64 App. D.C. 337, 78 F.2d 221, 223, the Court said, touching on the question of expense: "Again it was a matter for the determination of the defendant whether or not this testimony would be necessary to the proper defense of his case * * * In

bring all the drivers here and parade them to the witness stand to give repetitious testimony? No rule of law requires it. On the contrary, the only cases we have found hold that where the testimony of an uncalled witness would be merely cumulative, no inference is to be drawn from the failure to call him.[7] Appellants cite us to no contrary authority. But our own search has revealed, in addition to the several cases we have already cited, respectable authority, carefully reasoned and well stated, which support generally the views we have expressed. We list them in the margin.[8] Under the circumstances, therefore, we conclude that it would be a plain injustice to appellee to order a reversal on this ground.

The next assignment of error is one which was not included in the statement of errors filed in the trial court, or in this court, but appears for the first time in appellants' brief. It relates to the refusal of the trial judge to reopen the case after it had been closed, in order to receive the testimony of an additional witness. Both parties had closed their case, and had so announced the afternoon before, at which time the court proceeded to consider and settle prayers for instructions. Nothing remained to be done except the arguments of counsel and the charge to the jury. When court convened for that purpose the next morning appellants' counsel said: "I would like to move to reopen the case to put in the testimony of a witness from Holland as to shipping matters and customs." The request was denied. Such a motion is always directed to the sound discretion of the trial judge.[9] In the record there is nothing to indicate what light the witness could have shed on the case, why he was not produced earlier, or any other circumstance which

should have impelled the judge to open up the case to receive this testimony. The ruling cannot be held erroneous.

Finally we examine a ruling not directly connected with the trial, but growing out of a motion which had been made, but not acted on, earlier in the case. It was plaintiffs' motion to require defendant to pay an attorney's fee and traveling expenses to cover a trip by their attorney to the city of New York, pursuant to notice by defendant's counsel to attend a hearing to take the oral deposition of a witness for defendant. The ground of the motion was that the deposition was not taken because defendant had failed to serve a subpoena on the witness. The motion was heard by the trial judge at the same time the motion for judgment notwithstanding the verdict was argued. The trial judge filed a memorandum giving his reasons for overruling the motion. He recited that from the motion and affidavits, and from statements made at the hearing, this situation appeared: On September 25, 1947, defense counsel gave notice to plaintiffs' counsel that an oral deposition of D. J. DeGraad would be taken in New York on November 8, 1947, at 11:00 a. m. Prior to giving this notice defendant's counsel had arranged with the witness for taking his deposition at the time and place stated in the notice; but counsel never issued a subpoena for him. Well in advance of November 8th defense counsel confirmed with the witness the arrangement for taking the deposition. November 8th, the date set for taking the deposition was a Saturday. On the day before, counsel for both parties went to New York and at the designated time and place appeared for the purpose of taking the deposition; but the witness was not there.

that event it was entirely within the option of the defendant whether or not he should incur the expense * * * of taking the testimony of these witnesses."

[7] Redwood S. S. Co. v. United States Shipping Board E. F. Corp., 9 Cir., 18 F.2d 382; Trevathan v. Lynch, 21 Tenn. App. 549, 113 S.W.2d 416; Roehl v. Ralph, Mo.App., 84 S.W.2d 405; Bank of Emanuel v. Smith, 32 Ga.App. 606, 124 S.E. 114; Denbleyker v. Public Service Co-Ordinated Transport, 164 A. 695, 11 N.J.Misc. 101. See quotation from Wigmore on Evidence, supra.

[8] Century Indemnity Co. v. Arnold, 2 Cir., 153 F.2d 531; United States v. Cotter, 2 Cir., 60 F.2d 689; Delaware & Hudson Co. v. Nahas, 3 Cir., 14 F.2d 56; Jankowski v. Clausen, 167 Minn. 437, 209 N.W. 317; Cavanaugh v. Riverside Tp., 136 Mich. 660, 99 N.W. 876; Chicago, B. & Q. R. Co. v. Krayenbuhl, 70 Neb. 766, 98 N.W. 44; Fulsom-Morris Coal & Mining Co. v. Mitchell, 37 Okl. 575, 132 P. 1103. See Hobson v. McLeod, 165 Miss. 853, 147 So. 778.

[9] Spund v. Cafritz Const. Co., 60 App. D.C. 102, 48 F.2d 1014.

Counsel then learned for the first time that the witness had gone to the hospital on the previous Thursday for an emergency operation on his throat, and for that reason could not be present.

Though plaintiffs' motion stated that the absence of the witness was due to the failure to serve a subpoena upon him, the trial judge found that such absence was not due to any cause except his illness, and that even if a subpoena had been served the witness would nevertheless have been absent because of such illness.

As the trial judge correctly ruled, the Municipal Court has no general authority to award counsel fees or traveling expenses like those here claimed, and can do so only by specific statutory authority or by authority of a rule of court having statutory force and effect. The only rule having any application to this situation is Municipal Court Rule 27(g) (2) which provides that attorney's fees and expenses may be awarded "If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon him and the witness *because of such failure does not attend.*" (Emphasis supplied.) The trial judge held, as we have seen, that the failure of the witness to attend was due to his own illness and not to the failure to put him under a subpoena, and accordingly refused to allow attorney's fees and expenses to plaintiffs. Plainly the ruling was correct.

It is true that defendant violated the rule by not subpoenaing the witness. But it is just as true that even if the subpoena had been issued and served the witness would not have been available, because just two days before he had been subjected to an emergency surgical operation. Regrettable though it was that plaintiffs had to incur the expense and loss of time incident to the New York trip, the cost thereof cannot under these circumstances be made a charge against defendant. It must be absorbed by plaintiffs as an unfortunate by-product of this litigation, brought about by a sudden illness which neither party had the slightest reason to anticipate. With the wisdom of hindsight it may now be said that the defendant should have confirmed the engagement by letter, wire, or telephone to the witness. He did confirm it once, and even if he had tried it again there is no assurance that the effort would have succeeded, in view of the fact that the witness was available and apparently continued so until just two days before the date set when he was suddenly confined by illness.

The record being free of error the judgment must be affirmed.

Affirmed.

