MARY NELSON AND AUGUST NELSON, PLAINTIFFS, v.
PUBLIC SERVICE TRANSPORTATION COMPANY, A COR-
PORATION, AND THEODORE GOMBERG, DEFENDANTS.

Argued May 5, 1926—Decided November 11, 1926—Filed
January 15, 1927.

Negligence—Injury to Passenger of Motor Bus in Collision With
Another Motor Car—Plaintiff Asks For Rule to Show Cause
Because of Smallness of Verdict—Testimony Considered, and
Held, That There is No Reason to Believe That the Verdict
Rendered Displayed Passion or Prejudice.

On plaintiffs' rule to show cause.

Before Justices KALISCH and KATZENBACH.

For the plaintiffs, *Aaron A. Melniker.*

For the defendants, *Schneider & Schneider (Jacob Schnei-
der,* on the brief).

PER CURIAM.

This case is before this court upon a plaintiff's rule to show
cause. The action was instituted by the plaintiffs to recover
damages arising from an injury alleged to have been received
by the plaintiff Mary Nelson, when a passenger in a bus of
the Public Service Transportation Company. The bus of
the transportation company collided with an automobile be-
longing to one Theodore Gomberg. Mrs. Nelson, after the
collision, was treated by two physicians. She complained of
an injury to her arm. The plaintiffs did not claim that the
injury was permanent. No bone was broken. The chief item
of damages was based upon the claim that the injury to Mrs.
Nelson prevented her from keeping boarders.

The plaintiffs, so far as damages were concerned, relied
solely upon their testimony. The two physicians who at-
tended Mrs. Nelson were not called by the plaintiffs as wit-

nesses. The testimony disclosed that Mrs. Nelson had been operated upon prior to the accident for a tumor. She had also given, some years before, premature birth to a child. She had been in another bus accident shortly before the accident out of which the present litigation arose.

The defendants called two physicians who testified that they had examined Mrs. Nelson. One of the physicians who testified stated that his examination had been made eleven or twelve days after the accident, and the only objective condition she had was a slight discoloration of the right arm. The other symptoms were subjective. The other physician examined Mrs. Nelson between six and seven months after the accident and testified that he found nothing to indicate any physical injury or any organic or nervous condition. The jury returned a verdict in favor of Mrs. Nelson for $75 and for Mr. Nelson of $25. These verdicts are small. We cannot, however, say that the amounts of the verdicts are not supported by the testimony. The plaintiffs did not call the physicians who had attended Mrs. Nelson immediately after the accident. The jury had the right to infer that they were not called because if called they would not testify favorably to the plaintiffs on the subject of Mrs. Nelson's injury.

The claim for damages by reason of inability to keep boarders was minimized by the fact that the woman who had been hired to do housework after the accident was an aunt of Mrs. Nelson, and that help had been hired by Mrs. Nelson prior to the accident. Her mother also had aided her in this work.

The testimony with reference to the expenses incurred by Mr. Nelson was meagre and uncorroborated. The testimony given by the physicians called by the defendant was positive that they had found as a result of their examination no objective condition of injury to the arm of Mrs. Nelson except a slight discoloration.

From these facts we cannot say that the verdicts rendered display any passion or prejudice on the part of the jury against the plaintiffs. They appear to have been justified by the evidence adduced. The rule to show cause is discharged.