HENRY SALZMAN AND MINNIE B. SOBEL (NEE MINNIE BISGAER), PLAINTIFFS, v. WILLIAM C. ROBINSON AND AMELIA ROBINSON, HIS WIFE, DEFENDANTS.

Decided December 19, 1931.

For the plaintiffs, *John B. Zabriskie.*

For the defendants, *Levenson, Comen & Levenson.*

ACKERSON, S. C. C. This action was begun by attachment under subdivision (1) of the first section of the Attachment act of 1901 (*Pamph. L.* 1901, *p.* 158; 1 *Comp. Stat., p.* 132) and now comes before me upon a rule to show cause why the writ of attachment should not be quashed. No reasons for so doing are set up in the rule, and the only reason advanced on the argument is that the defendants were at the time of the issuance of the writ and now are residents of this state.

No objection is advanced as to the form of the affidavits upon which the writ was issued, which state in the words of subdivision (1) of section one of the statute that the defendants are indebted to the plaintiffs "in the sum of five thousand three hundred eighty-nine dollars and forty-one ($5,389.41) cents and deponent verily believes that the said William C. Robinson and Amelia Robinson, his wife, abscond from their creditors, and are not to deponent's knowledge or belief residents in the State of New Jersey at this time, and that they owe * * * the sum of $5,389.41 as nearly as deponent can ascertain."

Depositions for each side were taken under the rule and I have little doubt from a reading of them that the defendants

maintained a residence at 288 Terrace avenue, Hasbrouck Heights, in this state at the time of the issuance of the writ of attachment, but I am also of the opinion that the conduct of the defendants as disclosed by the depositions, was such as to justify the conclusion that they were absconding debtors within the meaning of the Attachment act providing relief in such cases. That portion of the Attachment act under which the writ of attachment was issued in this cause provides that an attachmemnt may issue "where the plaintiff, his agent or attorney, shall make affidavit that he verily believes the debtor absconds from his creditors and is not, to the deponent's knowledge or belief, resident in this state at the time, and that he owes to the plaintiff a debt, specifying as nearly as practicable the amount thereof," &c.

Since the defendants rely solely upon the assertion that they were both residents of this state at the time of the issuance of the writ of attachment, it becomes important to determine whether or not non-residence in this state is an essential of jurisdiction under subdivision (1) of the first section of the Attachment act of 1901. At first blush it would appear that because the conjunctive "and" is used in this subsection that both the element of absconding and non-residence would have to be established in order to maintain an attachment under this subdivision. But this question seems to have been settled to the contrary, so far, at least, as the Circuit Court is concerned by the following cases: *Hirt Co.* v. *Ayling,* 33 *N. J. L. J.* 343; *Le Sage* v. *Schmitt,* 10 *Id.* 10; *Stone* v. *Stites,* 14 *Id.* 25. In the second of the cited cases, Mr. Justice Depue definitely stated the law to be that "a man who absconds from his creditors is liable to attachment although he has a residence in the state at which process may be served;" and he says, furthermore, that "where a man has actually absconded from his creditors, although his residence may be within the state and within reach, he is nevertheless an absconding debtor within the meaning of the statute." In the case last cited Mr. Justice Garrison says that "the distinction between non-resident and absconding debtors under our Attachment act is radical. In the former

case the test is whether the defendant has within this state a residence or usual place of abode, where service of legal process, binding upon him, can be made. In the latter the test is whether the defendant eludes his creditors under circumstances convincing to them that his conduct has that object in view. It will be noticed that the essence of jurisdiction in this latter class of cases in not residence, which is a matter of fact, but conduct capable of influencing the mind and of inducing a belief; hence as the defendant's conduct is solely within his own control; he is held responsible for an honest belief respecting it created in the mind of his creditor, provided such belief is fairly deducible from the behavior of the defendant himself."

Since the defendants rely upon the fact that they have a residence in this state to defeat the attachment in this cause, it is apparent that they could not prevail upon this rule to show cause, because that is not an essential ground for the attachment.

I am unwilling, however, to pass by the question of whether or not the depositions justify the conclusion that the defendants were absconding debtors.

In the case of *Stafford* v. *Gaiser,* 57 *N. J. L.* 574 (at *p.* 578), Mr. Justice Lippincott, speaking for our Supreme Court, said: "Now, if one eludes his creditors he intends to defeat or delay them. If one eludes his creditors, then he can be held to the intent of evading process, and all the law requires in order to constitute an absconding debtor is that he shall put himself in such a position that he can and does successfully evade the service of process.

In one case it may be by concealment in his own house. It may consist in going from place to place so quickly as to evade meeting with service of process anywhere. There is a limit to the creditors' search for him, else he might never be served with process, and no attachment would ever be sustained. The creditor is bound to ascertain, if he can do so by all natural ordinary means at hand, his debtor's whereabouts, in order to serve him with process, but this obligation has its limits in reason and common sense. * * * If a person

dèpart from his usual residence, or remain absent therefrom or conceal himself in his house, so that he cannot be served with process, with intent to avoid service of process, or to delay or defraud his creditors, he is an absconding debtor. *Ives* v. *Curtiss, 2 Root 133.*"

In the case *sub judice* it is noticeable that the defendant William C. Robinson has not supplied the court with a deposition and no reason is given why he could not, after the rule to show cause was obtained, have been examined as a witness in his own behalf and I feel, therefore, that the court is justified in inferring that whatever testimony he may have been able to give would have been unfavorable to him. *Drennan* v. *Hausman, 7 N. J. Mis. R.* 91; *Nelson* v. *Public Service Transportation Co., 135 Atl. Rep.* 467.

Mrs. Robinson gave a deposition but it does not satisfy me that she was not evading the service of process and she does not satisfy me that her husband was away from home engaged in his business as a traveling salesman during all the time from May 14th, 1931, to the latter part of June, 1931. In fact she admits that Mr. Robinson was home during the latter part of June, 1931, and she further says that no one visited her home during May and June, 1931, except her sister, and that her sister was there about two or three days and this was around the early part of May. When confronted with the question of whether or not she remembers seeing the deputy sheriffs who attempted to serve the summons in this matter as well as Mr. Salzman at her home or on her premises she invariably answers that she does not remember seeing them although two of these deputy sheriffs positively remember that they saw a woman in the house or on the premises resembling Mrs. Robinson at times when she herself says that her sister was not there.

In spite of the fact that Mrs. Robinson says that no one was staying at or visiting her home during this period except her sister for two or three days early in May, nevertheless Deputy Sheriff Thomas D. Mackay positively remembers that in June when he visited the defendant's premises he saw a

man there, who although denying that he was Mr. Robinson, nevertheless left the officer and went into the house.

Without going further into the testimony it is sufficient to say that the uncertain testimony of Mrs. Robinson with respect to the conduct of herself and her husband during the period in question is so unsatisfactory, as not to overcome the straightforward testimony of the deputy sheriff and Mr. Salzman and Mr. Weiss, from which the inference may justly be drawn that these defendants were absconding debtors within the meaning of the Attachment act and the rule to show cause is therefore discharged.