LENA GIARDELLI AND JOSEPH I. GIARDELLI, PLAIN-
TIFFS-RESPONDENTS, v. PUBLIC SERVICE RAILWAY
COMPANY, DEFENDANT-APPELLANT.

Decided February 18, 1930.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Henry H. Fryling.*

For the respondents, *Breslin & Breslin (John J. Breslin, Jr.,* of counsel).

PER CURIAM.

Husband and wife, jointly, brought an action in the District Court, against the appellant, Public Service Railway Company, the wife suing to recover compensation for injuries sutsained by her on July 5th, 1927, while a passenger in an automobile owned and operated by her husband, which automobile came into collision with a trolley car of the appellant company, through the alleged negligence of the latter's servant —the husband suing for loss of consortium, and for a reinbursement of moneys expended by him for doctors, nurses, medical services and surgical assistance made necessary for the cure of his wife by reason of his wife's injuries.

The case was tried before the court, sitting with a jury and resulted in a verdict for the wife in the sum of $300, and in a verdict for the husband for $200.

Four grounds are urged for a reversal of the judgment. We will proceed to consider them in their chronological order of presentation in the appellant's brief.

First, it is contended in appellant's brief, that the trial judge, over objection by appellant's counsel, erroneously allowed the plaintiff-husband to testify to the amount of the bill alleged to have been paid by him, to the physician for medical treatment of the plaintiff-wife. There is no merit in this contention. Plaintiffs' counsel asked the plaintiff-husband, the following questions: Q. "Did he [referring to the doctor], render a bill for his services? Mr. Freggens: I object unless he says yes or no. Q. Yes or no? Did he render a bill? A. Yes, sir. Q. Did you pay the bill? A. Yes, sir." Then the following colloquy took place between the court and counsel. Defendant's counsel said: "I object, of course, to this witness testifying to what the bill was. I have no objection to the fact that the bill was paid. The court: I will allow him to testify what he paid." Defendant's counsel took an exception. Plaintiffs' counsel asked: "How much was the bill? and the answer was, a hundred and fifty dollars. Q. Have you the bill with you, the receipted bill? A. Yes." The bill was offered in evidence by plaintiffs' counsel, and the court sustained the defendant's counsel's objection.

The record further discloses that on cross-examination, defendant's counsel elicited the fact that the husband paid $150 for other services necessitated by his wife's injuries.

Next, it is argued by counsel of appellant, that the trial judge erroneously refused to strike out all testimony relating to doctor bills, on the ground that there was no testimony as to their fairness or reasonableness.

The motion to strike out appears not to have been made until the end of the case. Furthermore, it appears that most of the testimony relating to the medical bills was elicited by appellant's counsel on cross-examination. Moreover, it appears that appellant's counsel offered no objections to any of the testimony concerning the medical bills at the time they were offered, upon the ground that it had not been established that the bills were fair and reasonable. The motion to strike out was properly refused.

The third ground urged for a reversal is, that the trial judge erroneously charged the jury as follows: "The plaintiff is entitled to such pecuniary loss as she has sustained, expenditures for her treatment and such sum as would compensate her for her injuries which she has sustained." To this part of the charge, counsel for appellant took an exception. We think the exception taken is too broad. It is to be observed, that it nowhere points out the specific error in the charge. There was no testimony that the wife had expended any money for medical bills or otherwise, but there was evidence that the husband had. It is quite clear to us, that if the court's attention had been directed, by counsel of appellant, that it was the husband, and not the wife who paid the medical bills for her treatment that the mistake would have been corrected. See *Thibodeau* v. *Hamley,* 95 *N. J. L.* 180. Furthermore, it appears from the testimony in the cause, that the female plaintiff, as a result of the collision, was painfully injured. According to her testimony she was in bed two weeks. She was confined to her home three and a half months, &c. The judgment in her favor was $300, a very moderate sum. The judgment in favor of the husband was for $200, and of course he was not only entitled to recover for moneys expended to cure his wife, but also for the loss of her services. It is, therefore, quite clear to us, that the appellant was not prejudicially injured upon the merits of the case.

Lastly, it is argued, on behalf of the appellant, that the trial judge erred in refusing to charge the jury, as follows: "When plaintiffs fail to produce their physician, there is a presumption that his testimony will not be favorable to them." There is no such legal presumption. The trial judge was under no legal duty to charge the request.

Judgment is affrmed, with costs.