94 N.J. Super. 452 (1967)
228 A.2d 725
ANN PARENTINI, PLAINTIFF-RESPONDENT,
v.
S. KLEIN DEPARTMENT STORES, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 20, 1967.
Decided April 11, 1967.
*454 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. Arnold L. Simon argued the cause for appellant (Messrs. Simon and Kaufman, attorneys).
Mr. Francis Sorin argued the cause for respondent.
The opinion of the court was delivered by LEWIS, J.A.D.
Plaintiff in an action for false imprisonment obtained a jury verdict for compensatory damages and judgment thereon was entered in the amount of $16,000. Defendant appeals from the judgment and from a denial of its motion for a new trial.
We cannot say from our study of the record that the verdict was against the weight of the evidence or that the trial court erroneously denied the motion for a new trial.
We find no reversible trial errors. In particular, we note that defendant was not entitled to a judgment as a matter of law; N.J.S. 2A:170-100 was explained and the *455 issues of probable cause, apprehension and detention were fairly presented to the jury. Since the jury disallowed punitive damages defendant was not prejudiced by the presentation of that claim.
Defendant did not object to the court's charge with respect to aggravation of a prior blood pressure condition. See R.R. 4:52-1; Aiello v. Myzie, 88 N.J. Super. 187, 193 (App. Div. 1965), certification denied 45 N.J. 594 (1965).
While the amount of the verdict appears to be on the high side, it is not so excessive as to call for judicial intervention. Absent the "inescapable conclusion of mistake, passion, prejudice, or partiality," we cannot invade the constitutional office of the jury. Wytupeck v. City of Camden, 25 N.J. 450, 466 (1957); Massotto v. Public Serv. Coordinated Transp., 71 N.J. Super. 39, 54 (App. Div. 1961).
Plaintiff produced two medical experts who testified as to the causal relationship of the episode to her psychiatric condition and the permanent nature thereof. Dr. David Flicker, a neurologist, examined plaintiff on behalf of defendant, but the doctor was not called as a witness; no medical testimony was proffered for the defense. The trial court charged the jury it had the right "to infer that Dr. Flicker was not called as a witness by the defendant because if he was called, his testimony would have been unfavorable to the defendant." The giving of any charge relating to Dr. Flicker's nonproduction was objected to before the charge was delivered. We think the circumstances permitted a charge on the subject, but not the one that was given. However, the language used was not objected to at any time. Therefore, the question is whether the instructions constituted plain error. R.R. 1:5-3(c); 2:5.
The charge that was given was objectionable because it permitted the jury to infer (1) defendant deliberately concealed or suppressed Dr. Flicker"s testimony and (2) if called, Dr. Flicker would have testified affirmatively in favor of plaintiff  "unfavorable to the defendant." There is nothing in the record that would justify an inference that *456 defendant deliberately concealed or suppressed the doctor's testimony; parties often do not call doctors whose evidence would not be helpful enough to warrant the expense and intrusion upon their professional time. As to the inference that if the doctor had been called he would have testified affirmatively in favor of plaintiff, the most that could have been inferred by reason of his nonproduction was that, if he had been produced, his testimony would not have aided defendant.
As our Supreme Court said in State v. Callahan, 76 N.J.L. 426, 428 (Sup. Ct. 1908), affirmed 77 N.J.L. 685 (E. & A. 1909), the nonproduction of a witness "will not justify an arbitrary presumption of suppression of evidence." See also Merrill v. St. Paul City Ry Co., 170 Minn. 332, 212 N.W. 533, 534 (Sup. Ct. 1927); Davis v. Franson, 141 Cal. App.2d 263, 296 P.2d 600, 605 (D. Ct. App. 1956); Knotts v. Valocchi, 2 Ohio App.2d 188, 207 N.E.2d 379, 382 (Ct. App. 1963). "The only inference that may be drawn from failure to produce available witnesses * * * is that * * * the evidence would not have been favorable to the party omitting to produce such witnesses." 20 Am. Jur., Evidence, § 187, p. 192; and see Id., § 193, p. 195; 29 Am. Jur.2d, Evidence, § 180, pp. 224-227. Note generally, 2 Wigmore, Evidence (3d ed. 1940), §§ 285-290; State v. Clawans, 38 N.J. 162, 170-171 (1962); Wild v. Roman, 91 N.J. Super. 410, 415-416 (App. Div. 1966).
Even in charging upon this inference caution should be exercised. Shoenberg v. C.I.R., 302 F.2d 416, 420 (8 Cir. 1962); Jenkins v. Bierschenk, 333 F.2d 421, 425 (8 Cir. 1964); Merrill v. St. Paul City Ry Co., supra; Grady v. Collins Transportation Company, 341 Mass. 502, 170 N.E.2d 725, 729 (Sup. Jud. Ct. 1960). See also Wild v. Roman, supra, 91 N.J. Super., at p. 415. The court must assess the nonproduction of a witness with a view to the person and testimony involved. Cf. Giardelli v. Public Service Railway Co., 8 N.J. Misc. 104, 106, 149 A. 39, 40 (Sup. Ct. 1930); Robinson v. Equitable Life Assurance Society, 126 *457 N.J. Eq. 242, 247 (E. & A. 1939); Pawlowski v. Marino, 71 N.J. Super. 120, 126 (App. Div. 1961).
We do not think it is proper to assume that normally a psychiatric opinion must support one of two opposite contentions; the opinion may lie somewhere in between, or go off in an entirely different direction. The best that can be said, in the present circumstances, is that the court, in its discretion, might have indicated to the jury that it could assume the nonproduction of Dr. Flicker indicated that his testimony would not have specifically contradicted that of plaintiff's experts, and it would not have materially aided defendant's case. There was no basis for an assumption that Dr. Flicker's testimony would have been favorable or unfavorable to anyone. Note, Whitcomb v. Whitcomb, 267 S.W.2d 400, 402 (Ky. Ct. App. 1954) (handwriting expert); Epstein v. City and County of Denver, 133 Colo. 104, 293 P.2d 308, 313, 55 A.L.R.2d 783 (Sup. Ct. 1956) (real estate appraisers). And see 53 Am. Jur., Trial, §§ 695, 697, pp. 531-532; cf. Annotation, 131 A.L.R. 693, 696-702 (1941).
However, since there was no objection, based upon these grounds, to the language of the charge, the question becomes whether it constituted plain error which substantially affected the defendant's rights. In Vespe v. DiMarco, 43 N.J. 430, 435-436 (1964), our Supreme Court discussed this problem, and observed:
"* * * R.R. 4:52-1 imposes an obligation on counsel to object to portions of a charge which he considers erroneous. Where there is a failure to comply with the rule appellate tribunals are not disposed to review a challenged instruction. In rare cases, however, where the instruction qualifies as plain error under R.R. 1:5  3(c), an exception is made. Such error exists when the language employed by the trial judge in guiding the deliberations of the jury constitutes legal impropriety affecting the substantial rights of the party affected of sufficiently grievous nature to justify notice by the reviewing court and to convince the court that, of itself, the error possessed a clear capacity to bring about an unjust result. State v. Corby, 28 N.J. 106, 108 (1958)."
*458 From our review of the record, we are not prepared to say that the "legal impropriety" herein discussed, of itself, possessed a clear capactiy to bring about an unjust result. The verdict was a fair conclusion derivable from the evidence adduced at the trial, and we do not find that the error adversely affected the defendant's substantial rights.
Judgment affirmed.